Nash, J.
 

 We see no just ground of complaint, on the part of the defendant, of the charge. The law, we think, has been properly administered, and we agree entirely’
 
 *404
 
 with the presiding Judge. His Honor has not given us the reasons, upon which his decision rests nor could he, indeed, with any propriety, so do, as they properly constitute no part of the case. Our only enquiry is whether there is error in the law, as charged by him. In this ease the charge is precise, lucid, and, unencumbered with extraneous matter.
 

 If the original contract had been, as it is treated by the defendant,
 
 one
 
 for the unqualified transfer to the defendant of the unexpired term of the apprentice, the first objection, raised by the defendant, would unquestionably be sound, and the plaintiff could not recover. The binding out of an apprentice to a particular person is from confidence in the party to whom he is committed, that he. will not only instruct him -in his trade or business, but will also be careful of his health and safety. It is therefore such a personal trust, that the master cannot assign or transfer it to another. 4
 
 Bac. Abr. Tit.
 
 Master and servant,
 
 Letter E. Page
 
 577. I
 
 Mass. R. 177. Hall and Hall
 
 v.
 
 Gardner and others, Davis
 
 -, 8 Mass. R. 299, Hobarts R. 134,
 
 Coventry
 
 v.
 
 Goodall.
 

 The second objection, on the part of the defendant, is equally true in principle. By the act of 1801, Rev. St at. ch. 5, sec. 7, when the County Court shall bind out any orphan child of colour, they shall take bond with sufficient security in the sum of five hundred dollars, from the master or mitress, that they shall not remove said child out of the County, &c.” It is therefore illegal for any master or mistress to
 
 remove
 
 such apprentice out of the County, wherein he was indentured; and, such removal being illegal, no action can be founded on a contract for such removal. The cases of
 
 Sharpe
 
 v.
 
 Farmer, 4
 
 Dev. & Bat. 122, and
 
 Blythe
 
 v.
 
 Lovinggood, 2
 
 Ired. 20, cited at the- bar, by the defendant’s counsel, fully sustain his proposition. But, we think, the case before us steers clear of each of those objections. The action is not brought to enforce the contract, originally made.; that was
 
 *405
 
 illegal and could not sustain an action. But it is brought upon the assumpsit of the defendant, made after the original contract was rescinded, as it appears by mutual or tacit consent, and upon a sufficient legal consideration.
 

 From the terms of the original contract, the parties seem to have been fearful, they were doing what the law would not sanction, and therefore it is provided, that if the boy did not serve out his full term, the defendant should pay only for the time he did serve. A
 
 locus peni-tentice
 
 is therefore provided for the plaintiff. He availed himself of it, and the contract was put an end to. But the defendant, has enjoyed the services of the plaintiff’s servant, and in consideration thereof the defendant agreed to pay him for those services an ascertained sum ; to-wit, the amount of the account presented by the plaintiff. The case of
 
 Sharpe
 
 v.
 
 Farmer,
 
 above cited, was where the action was directly upon the original contract. The next of kin of one-Farmer, agreed that the defendant, without administering, should sell the property and pay the debts and divide the residue among those entitled, the plaintiff being one. The action was brought for his distributive share. The Court declared the contract void, because in violation of a public law. So in the case of
 
 Blythe
 
 v.
 
 Lovinggood. At
 
 a sale of public lands, where the terms were, if the highest bidder did not comply with his bid, the next highest should haye the land, the plaintiff was the highest, and the defendant the next highest bidder. It was agreed between them, that the plaintiff should refuse to comply with his bid, and in consideration thereof, the defendant should give him $120, for the payment of which he executed his note ; and the conveyance of the land being made to the defendant, the action was brought upon the note, and the Court decided that the agreement was a fraud upon the State and the note was void. In each of these cases the action was
 
 *406
 
 upon the original contract. Here, the original contract was put an end to by the parties themselves, and the action is brought upon one made subsequently, and as we think upon a sufficient consideration.
 

 In his first objection in addition to the ground that the assignment was void, the defendant insists that the plaintiff received the boy back into his care, before the time ■had expired for which he had contracted, and that thereby the plaintiff had deprived him of the benefit of his contract. The answer is, that by the terms of the contract, he was to pay only for the time he had the boy. As before remarked, the parties had provided
 
 locuspeni-teniios.
 
 They contracted in view of the fact that the boy might not serve out his time with the defendant, and the contract was by mutual consent rescinded.
 

 Per Curiam. Judgment affirmed.